KENTUCKY OAK MINING
COMPANY, Appellant,

v.

Hermit GRIGSBY and Geneva
Grigsby, Appellees.

Court of Appeals of Kentucky.

Feb. 18, 1977.

Harold Garland Wells, Hazard, for appellant.

J. W. Craft, Hazard, for appellees.

Before WINTERSHEIMER, LESTER
and WILHOIT, JJ.

WINTERSHEIMER, Judge.

The Appellees, Hermit and Geneva Grigsby, filed their complaint in the Knott Circuit Court on May 30, 1973, claiming damages in the amount of $20,000.00 against the Kentucky Oak Mining Company for causing and allowing great quantities of earth, rock and other debris to slide down, upon and over the land of the Appellees. A jury rendered a verdict of $6,000.00 in favor of the Appellees. Judgment was entered on September 18, 1973, and a notice of appeal was filed October 8, 1973. On October 8, 1976, the Supreme Court of Kentucky transferred this case to the Court of Appeals. This Court affirms the judgment of the trial court.

Questions presented are:

1. Did the trial court commit reversible error in overruling the Appellant's motion for directed verdict at the close of the Plaintiffs/Appellees' evidence and at the close of all of the evidence?

2. Was the verdict excessive and a result of passion and prejudice?

■ The Grigsbys, Plaintiffs/Appellees, owned a tract of land in Knott County but had moved from Kentucky five years before the alleged trespass. Testimony was admitted establishing the ownership of the property and the fact that the Kentucky Oak Mining Company was responsible for the earth slides. Although the testimony was hearsay, no objections were ever made by the Defendant/Appellant to the testimony, and no motion to strike any of it or to admonish the jury was ever made. The Appellees also presented a witness who established the identity of the Kentucky Oak Mining Company as the party causing the damage. There was some element of hearsay in this testimony, but once again no objection was properly raised by the Defendant/Appellant. The witness, Elmer Ray Combs, said he saw the men working in

the mining operation and the same men were wearing basketball shirts with the name of Kentucky Oak, and that he also saw check stubs, which were with the name of Kentucky Oak Mining Company, in the possession of such men.

The Appellees introduced Ova Short to establish the monetary loss of the Appellees resulting from the mining operation. Although such testimony was not highly sophisticated, it was sufficient in that a proper foundation was presented and the witness presented his opinion as to the property value.

The Appellant attempted to establish the fact that Kentucky Oak Mining was only a holding company and presented several witnesses, including the trial attorney for this matter. It appears that the Kentucky Oak Mining Company was a very active principal in a variety of agency relationships and was charged with the responsibility of removing the coal from the ground.

There is no evidence to support the Appellants' contention that the verdict was excessive or a result of passion or prejudice. The jury had the opportunity to completely evaluate the testimony of witnesses for both sides in relation to the question of value.

Moreover, the jury viewed the property in question. Evidence of damage presented by the Appellees was in the range of $11,000.00. The ultimate verdict of $6,000.00, coupled with the other evidentiary material presented, does not provide any basis for claiming that the verdict was excessive or a result of passion or prejudice.

Therefore, the judgment of the trial court is affirmed.

ALL CONCUR.